UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **KRISTEN LIPPOLIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO.: 1:21-cv-00340** |
| | ) | |
| vs. | ) | |
| | ) | **NOTICE OF REMOVAL OF CIVIL** |
| **WAL-MART SUPERCENTER #3342, et al.** | ) | **ACTION** |
| | ) | |
| **Defendants.** | ) | |

\*\*\*\*\*\*\*\*\*\*

Defendant Wal-Mart, Inc., (identified in the Complaint as Wal-Mart Supercenter Store No. 3342) (hereinafter "Wal-Mart" or "Defendant"), by and through counsel, and pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1332, respectfully submits this Notice of Removal of Civil Action from the Clermont County, Ohio Court of Common Pleas. In support of its Notice, Defendant states the following:

1.

On May 19, 2019, Plaintiff Kristen Lippolis (hereinafter "Plaintiff"), filed a Complaint in the Court of Common Pleas, Clermont County, Ohio and captioned <u>Kristen Lippolis vs. Wal-Mart Supercenter #3342, et al.</u> Case No.: 2021 CVC 00408. (A true and correct copy of the Complaint is attached hereto as Exhibit A). The Complaint was served on Defendant Wal-Mart Inc. on April 30, 2021. Wal-mart filed an Answer n May 12, 2021. (A true and accurate copy is attached hereto as Exhibit B).

In the Complaint, Plaintiff Kristen Lippolis alleges that on May 19, 2019, she was injured as a result of a slip and fall on the premises of Wal-Mart located at 1815 East Ohio Pike, Amelia, Ohio 45102 (Pl.'s Compl. at ¶¶ 1-6). The Complaint alleges that Plaintiff has suffered temporary and permanent bodily injures requiring surgical repair of lower extremities, has endured pain and suffering and will continue to do so in the future, has incurred medical expenses in an undetermined amount and will continue to do so in the future, and has lost the use and enjoyment of good health. (*See id.* at ¶ 14). Wal-Mart Inc. specifically denies any wrongdoing or civil liability to Plaintiff.

Plaintiff's Complaint names Wal-Mart Inc. and the Ohio Tort Recovery Unit[1]. With regard to Defendant Ohio Department of Medicaid (Ohio Tort Recovery Unit), Plaintiff does not assert any claim or make any allegation. Plaintiff simply states the Department should "set forth its subrogated claim or be forever barred." (See Complaint at Prayer for Relief)

As noted above and asserted in her Complaint, Plaintiff is an Ohio citizen. (*See* Complaint). Wal-Mart Inc. is a Delaware Corporation with its principal place of business in Bentonville, Arkansas. Defendant Ohio Department of Medicaid is an Ohio citizen, whose interests are properly aligned with Plaintiff's for purposes of considering diversity of the parties and/or Defendant Ohio Department of Medicaid is a nominal party whose citizenship is inapplicable for determining diversity of the parties, and from whom consent to remove is not required.

As a subrogated defendant, Defendant Ohio Department of Medicaid's interests in achieving recovery against Defendant Walmart, Inc. are properly aligned with Plaintiff's and should be arranged accordingly for purposes of considering diversity of the parties. *See, e.g.*,

---

[1] The Ohio Department of Medicaid filed an Answer and Crossclaim on May12, 2021. (A copy of same is attached hereto as Exhibit C). Wal-mart filed an Answer to the Crossclaim on May 14, 2021. (A copy of same is attached hereto as Exhibit D).

*Smith v. GMC*, No. 2:11-CV-782, 2011 U.S. Dist. LEXIS 137627, *6–7 (S.D. Ohio Nov. 30, 2011) (citing *Lampe v. Genuine Parts Co.*, 463 F. Supp. 2d 928, 933 (W.D. Wis. 2006); *Frahm v. Marshfield Clinic*, 2007 U.S. Dist. LEXIS 82755, 2007 WL 3287841, *2 (W.D. Wis. Nov. 7, 2007)); *see also City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69 (1941).  Defendant Ohio Department of Medicaid is an Ohio citizen and/or its citizenship is inapplicable as a nominal party as discussed below.  *See Moor v. County of Alameda*, 411 U.S. 693 (1973) (a political subdivision of a state is a citizen of that State for diversity jurisdiction purposes, unless it is a simply the arm or alter ego of the State).  Accordingly, upon realignment, there is complete diversity of the parties.

Regardless of the alignment of Defendant Ohio Department of Medicaid, it is a nominal party.  The Department is not a real party in interest; it has no interest or control over the subject matter of this litigation, and merely holds subrogation rights related to any potential recovery.  *See DiBella v. Carpenter*, No. 2:10-CV-174, 2010 U.S. Dist. LEXIS 75323, *5–6 (S.D. Ohio June 25, 2010) (citing *Rose v. Giamatti*, 721 F. Supp. 906, 913 (S.D. Ohio 1989) (internal quotations and citations omitted)) ("A real party in interest defendant is one who, by the substantive law, has the duty sought to be enforced or enjoined.  In contrast to a real party in interest, a formal or nominal party is one who, in a genuine legal sense, has no interest in the result of the suit or no actual interest or control over the subject matter of the litigation.").  In the case of a nominal party, the Court should disregard its citizenship for jurisdictional purposes.  *Salem Trust Co. v. Manufacturers' Finance Co.*, 264 U.S. 182, 190 (1924); *Maiden v. N. Am. Stainless, LP*, No. 03-5740, 125 Fed. App'x 1, 2004 U.S. App. LEXIS 25998, *2 (6th Cir. 2004).  Again, complete diversity exists for jurisdictional purposes.

2.

This Notice of Removal is filed within thirty (30) days of service of the state court action and is therefore timely under 28 U.S.C. § 1446(b).

3.

The United States District Court for the Southern District of Ohio has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. Removal is proper because:

(a) Plaintiff is an Ohio resident. (*See* Complaint);

(b) Defendant Wal-Mart Inc. is a Delaware corporation. Its principal place of business is Bentonville, Arkansas. Wal-Mart Inc. is not a resident of the state of Ohio.

(c) Defendant Ohio Department of Medicaid should be realigned with Plaintiff and/or it is a nominal party, as set forth above, therefore complete diversity exists.

(d) The amount in controversy in this case exceeds seventy-five thousand dollars ($75,000). Plaintiff has placed no limitation on her prayer for relief, which demands monetary damages in excess of $25,000.[2] (See id.). While the Complaint is silent as to the particular amount in controversy, it is apparent that the amount in controversy exceeds the minimum jurisdictional amount based on the alleged injuries. The Complaint alleges that Plaintiff suffered temporary and permanent bodily injures, pain and suffering, medical expenses, future pain and suffering, lost the use and enjoyment of good health as well as further medical expenses to be incurred in the future. (*See id.* at ¶ 14).

4.

Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this case (attached hereto as Exhibit E), together with a copy of this Notice of Removal is being filed with the Clerk

---

[2] *See, e.g.*, *Sorenson v. Ashmore*, 4 F. Supp.2d 669, 670 (E.D. Tex. 1998) (holding that it was facially apparent from the prayer for relief in Plaintiff's Complaint that the amount in controversy exceeded $75,000.00 where the Complaint merely sought an unspecified amount of attorneys' fees, actual damages, damages for emotional distress and punitive damages).

4

of the Clermont County, Ohio Court of Common Pleas and shall be served on Plaintiff and Ohio Department of Medicaid.

    WHEREFORE, Defendant prays that this action be removed from the Clermont County, Ohio Court of Common Pleas to the United States District Court for the Southern District of Ohio, Western Division at Cincinnati, and request that this Court assume full jurisdiction over the case herein as provided by law.

    /s/ Carrie M. Starts
Carrie M. Starts (0083922)
525 Vine Street, Suite 1700
Cincinnati, Ohio 45202
Tel: (513) 721-1311; Fax: (513) 721-2553
cstarts@reminger.com
***Counsel for Defendants Wal-Mart, Inc.***

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and accurate copy of the foregoing has been electronically filed this 19th day of May 2021. A copy has also been served via email/U.S. mail upon the following:

Marcus E. Coleman
2692 Madison Road,
 Suite N1 #330
Cincinnati, OH 45209
marcuscolemanlaw@yahoo.com

Ohio Tort Recovery Unit
 Joseph McCandlish
150 Gay Street, 21st Floor
Columbus, OH 43215
Joseph.McCandlish@ohioattorneygeneral.gov

    /s/Carrie M. Starts
Carrie M. Starts (0083922)