IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| KRISTEN LIPPOLIS, | : | Case No. 1:21-cv-340 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| WAL-MART SUPERCENTER #3342, *et al.*, | : | |
| Defendants. | : | |

## ORDER GRANTING DEFENDANT WAL-MART SUPERSTORE #3342'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant Wal-Mart Supercenter #3342 ("Wal-Mart") Motion for Summary Judgment (Doc. 22) and Amended Motion for Summary Judgment (Doc. 23). After originally filing the Motion for Summary Judgment, Wal-Mart immediately filed an Amended Motion for Summary Judgment that included the Proposed Statement of Undisputed Facts (Doc. 23-1). The Amended Motion for Summary Judgment is identical in substance to the originally filed Motion for Summary Judgment. Plaintiff filed a response in opposition to Wal-Mart's amended motion (Doc. 26), to which Wal-Mart replied (Doc. 27). Thus, the Amended Motion for Summary Judgment is fully briefed and ripe for review. As explained below, Wal-Mart's Amended Motion for Summary Judgment is **GRANTED**. Additionally, Wal-Mart's Motion for Summary Judgment is **DENIED as moot**.

1

## FACTS

This matter arises from an alleged slip-and-fall in a Wal-Mart Supercenter in Amelia, Ohio (the "Store"). (Compl., Doc. 3, Pg. ID 37.) On the date of the alleged slip-and-fall, Plaintiff Kristen Lippolis was a seventeen-year-old minor with down syndrome. (Ruthie Lippolis Dep., Doc. 20, Pg. ID 123, 172-73.) On the afternoon of May 19, 2019, Plaintiff, Plaintiff's sister, Sarah Lippolis, and Plaintiff's cousins, Victoria Messer and Garret Messer, visited the Store. (Ruthie Lippolis Dep., Doc. 20, Pg. ID 151; *see also* Sarah Lippolis Dep., Doc. 21, Pg. ID 216.) The group eventually separated, and Plaintiff, Sarah, and Victoria went to the candy aisle on Plaintiff's request. (Sarah Lippolis, Doc. 21, Pg. ID 209.)

In the aisle, Plaintiff was approximately three feet ahead of Sarah and Victoria looking for a specific candy. (Sarah Lippolis, Doc. 21, Pg. ID 212-13.) Plaintiff then slipped on a liquid in the aisle and fell to the ground. (Plaintiff Dep., Doc. 19, Pg. ID 102; *see also* Sarah Lippolis Dep., Doc. 21, Pg. ID 213.) Sarah witnessed the fall and testified that she slipped, turned sideways, fell and rolled her ankle. (Sarah Lippolis Dep., Doc. 21, Pg. ID 214.) Sarah then looked at the floor and noticed "a small puddle" of water. (*Id.* at 212, 231.) Sarah testified that the puddle was approximately five inches to foot in width, and she was able to see the puddle from where she stood when she helped Plaintiff. (*Id.* at 215.) Plaintiff and her sister testified they had not seen the puddle prior to Plaintiff slipping and falling. (*Id.* at 212; *see also* Plaintiff Dep., Doc. 19, Pg. ID 105.)

Sarah then helped Plaintiff off the ground. (Sarah Loppolis Dep., Doc. 21, Pg. ID 213.) Sarah and Victoria noticed a large wet spot on Plaintiff's clothing after getting

2

Plaintiff to her feet. (*Id.* at 219.) The group immediately removed Plaintiff from the Store and left. (*Id.* at 215.) Plaintiff was in pain from the fall and was uncomfortable putting weight on her foot. (*Id.* at 216.) Neither Plaintiff nor the other individuals with Plaintiff at the time of the incident reported the fall to a Wal-Mart employee prior to leaving the Store. (*Id.* at 223.) The individuals also failed to make an incident report on the day of the fall. (*Id.*)

Plaintiff's mother, Ruthie Lippolis, took Plaintiff to the hospital later that day because Plaintiff's pain was not improving. (Ruthie Lippolis Dep., Doc. 20, Pg. ID 144.) Based on Plaintiff's responses to Wal-Mart's Interrogatories, Plaintiff suffered a broken left ankle and "tremendous pain and discomfort while attempting to walk." (Wal-Mart Interrogatories, Doc. 21-1, Pg. ID 247.) Ruthie testified that Plaintiff was in a boot for a broken left ankle and underwent physical therapy for the injury. (Ruthie Lippolis Dep., Doc. 20, Pg. ID 174.)

Days after the incident, Ruthie went to the Store to inform management about the fall. (Ruthie Lippolis Dep., Doc. 20, Pg. ID 149.) Ruthie filled out a Customer Incident Report May 26, 2019. (Customer Incident Report, Doc. 20-1, Pg. ID 192.) It appears that the Customer Incident Report was based on a telephone call with the Store. (Ruthie Lippolis Dep., Doc. 20, Pg. ID 151-52.) The Customer Incident Report states that Ruthie requested video surveillance of the incident. (Customer Incident Report, Doc. 20-1, Pg. ID 192.) However, Ruthie was informed that Wal-Mart had no video surveillance of the incident occurring. (Ruthie Lippolis Dep., Doc. 20, Pg. ID 157.) A Wal-Mart employee attempted to contact Ruthie on May 27, 2019, but Ruthie was not available to give a

3

statement. (Customer Incident Report, Doc. 20-1, Pg. ID 193.)

Plaintiff filed this action originally in Clermont County Court of Common Pleas on April 26, 2021. (Compl., Doc. 3, Pg. ID 37.) Plaintiff brought a single claim of negligence against Wal-Mart due to the slip-and-fall that occurred on May 19, 2019. (*Id.* at 37-38.) Wal-Mart filed the Answer to Plaintiff's Complaint originally in Clermont County on May 12, 2021. (Notice of Removal, Doc. 1, Pg. ID 1.) Then, Wal-Mart subsequently removed this case to this Court on May 19, 2021. (*Id.* at 1-2.) Additionally, the Ohio Department of Medicaid, also known as the Ohio Tort Recovery Unit, filed an Answer and Crossclaim on May 12, 2021. (*Id.* at fn. 1.) Wal-Mart answered the Department of Medicaid's Crossclaim on May 14, 2021 prior to removing this action. (*Id.*) The parties underwent discovery prior to Wal-Mart filing the Motions for Summary Judgment in question (Docs. 22-23). Of note, Wal-Mart alleges, and Plaintiff fails to dispute, that "Plaintiff failed to propound written discovery upon Wal-Mart as well as failed to notice the deposition of any representative of Wal-Mart and/or [a Wal-Mart] employee-witness." (Defendant's Proposed Undisputed Facts, Doc. 23-1, Pg. ID 293.)

## LAW & ANALYSIS

Courts must grant summary judgment if the record "reveals that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing Fed. R. Civ. P. 56(c)). Once the movant has met its initial burden of showing that no genuine issue of material fact remains, the nonmoving party must present "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

4

(1986). To do so, the nonmovant must present "significant probative evidence . . . on which a reasonable jury could return a verdict" in their favor. *Chappell v. City of Cleveland*, 585 F.3d 901, 913 (6th Cir. 2009).

The Court "must view the facts and any inferences that can be drawn from those facts . . . in the light most favorable to the nonmoving party." *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007). This requirement, however, does not mean that the Court must find a factual dispute where record evidence contradicts wholly unsupported allegations. "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (*citing Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). "If a moving party fulfills its burden of demonstrating that no genuine issue of material fact exists, the nonmoving party, to receive a trial, must present some significant probative evidence creating a factual dispute." *Stratienko v. Cordis Corp.*, 429 F.3d 592, 597 (6th Cir. 2005).

### I. Wal-Mart is Entitled to Summary Judgment on Plaintiff's Negligence Claim as a Matter of Law.

To succeed on a negligence claim under Ohio law, a plaintiff must establish: "(1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff to be injured." *Lang v. Holly Hill Motel, Inc.*, 909 N.E.2d 120, 122-23 (Ohio 2009). The duty a landowner owes individuals is determined by whether the individual is an invitee, licensee, or trespasser. *Hernandez-Butler v. Ikea U.S. East, LLC*, 435 F. Supp. 3d 816, 822 (S.D. Ohio 2020). It is undisputed that Plaintiff was an invitee at Wal-Mart on the day she slipped and fell.

5

Here, because Plaintiff was an invitee at Wal-Mart, Wal-Mart owed Plaintiff "a duty of reasonable care." *Hernandez-Butler*, 435 F. Supp. 3d at 822. This includes the following duties: "(1) to avoid injuring an invitee by negligent activities, (2) to warn invitees of latent or hidden dangers known to the store owner, (3) to make reasonable inspections of the business premises to discover any potential danger, and (4) to take reasonable precautions to protect invitees from dangers that are foreseeable from the arrangement or use of the premises." *Id*. Additionally, for a plaintiff to show a breach of a duty owed to a business invitee in a slip-and-fall case under Ohio law, the plaintiff must establish one of the following:

> (1) [t]hat the defendant through its officers or employees was responsible for the hazard complained of; or (2) [t]hat at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or (3) [t]hat such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.

*Dowling v. Cleveland Clinic Foundation*, 593 F.3d 472, 476-77 (6th Cir. 2010) (quoting *Combs v. Fist Nat'l Supermarkets, Inc.*, 663 N.E.2d 669, 670 (Ohio Ct. App. 1995)).

Wal-Mart argues that it is entitled to summary judgment in this case for two reasons. First, Wal-Mart argues that the puddle of water was open and obvious and, thus, Wal-Mart did not owe Plaintiff a duty. Second, Wal-Mart argues that there is no evidence that Wal-Mart created the water puddle in question or had actual or constructive knowledge of the water puddle, and therefore did not breach its duty owed to Plaintiff. Plaintiff disagrees, claiming that genuine issues of material fact exist in this case. Plaintiff solely states that "[s]everal issues of material fact exists . . . Specifically, those issues

include: (1) Whether [D]efendant was responsible for the defective condition in its facility[;] (2) Whether Defendant took any action to reduce the risk of harm, by way of reasonable inspections[; and] (3) Whether Defendant adequately warned Plaintiff and other customers of the dangerous condition." (Resp. in Opp., Doc. 26, Pg. ID 302.) Plaintiff fails to cite to the record or argue why there is genuine issues of material fact in this case outside of listing the three issues above. Additionally, Plaintiff fails to address whether the water puddle was open and obvious. However, because this Court finds that no genuine issue of material fact exists as to whether Wal-Mart created the water puddle, or possessed actual or constructive knowledge of the water puddle, the Court need not address any remaining arguments by the parties.

For a court to grant summary judgment, the moving party bears the initial burden "of informing the district court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact." *InterRoyal Corp.*, 889 F.2d at 110. Here, Wal-Mart did just that. Wal-Mart provided citations to Plaintiff's deposition (Doc. 19), Ruthie Lippolis's deposition (Doc. 20), Sarah Lippolis's deposition (Doc. 21), and the exhibits to such depositions (Docs. 20-1, 20-2, 21-1, 21-2, 21-3) to support its claim that it did not breach the duty it owed to Plaintiff at the time of the incident. (*See* Am. Motion for Summary Judgment, Doc. 23, Pg. ID 287-90.) Thus, Wal-Mart satisfied its initial burden pursuant to Fed. R. Civ. P. 56.

After the moving party satisfies this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for

7

trial." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989) (quotations omitted). To satisfy this burden, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (quotations omitted). As previously mentioned, it is Plaintiff's burden to establish that genuine issue of material fact exists as to whether Wal-Mart breached its duty owed to Plaintiff as a business invitee under Ohio law. *Dowling*, 593 F.3d at 477. Plaintiff must establish a genuine issue of material fact by presenting "some significant probative evidence creating a factual dispute." *Stratienko*, 429 F.3d at 597. And this Court "is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp.*, 889 F.2d at 111.

Plaintiff asserts that genuine issue of material fact exists as to whether Wal-Mart (1) created the hazard, (2) had actual knowledge of the hazard and neglected to give adequate notice of its presence, and (3) had constructive notice of the hazard due to it the hazard's existence for a reasonable amount of time without it being removed. Here, Plaintiff makes no substantive argument and fails to cite to any evidence in the record that would suggest that Wal-Mart created the hazard. Additionally, Plaintiff fails to point to any evidence that Wal-Mart had actual knowledge of the water puddle and neglected to adequately warn Plaintiff of its presence. Lastly, Plaintiff fails to cite any evidence of how long the water puddle existed as required to establish constructive knowledge under Ohio law. *See Dowling*, 593 F.3d at 477 ("Under the third avenue for relief . . ., generally

8

referred to as a constructive knowledge theory of liability, Ohio courts have consistently followed *Anaple v. Standard Oil Co.*, 124 N.E.2d 128 (Ohio 1995), and held that evidence of how long the hazard existed is mandatory in establishing a duty to exercise ordinary care."). Plaintiff relies on three conclusory statements that genuine issue of material facts exist for this case to proceed without any mention of specific facts that would lend this Court the ability to come to such conclusion. Reliance on such conclusory statements, without more, is not enough to overcome summary judgment.

Thus, viewing the facts in a light most favorable to the nonmoving party, Plaintiff failed to satisfy her burden that Wal-Mart breach its duty owed to Plaintiff. Wal-Mart is entitled to summary judgment on Plaintiff's negligence claim as a matter of law.

### II. Wal-Mart is Entitled to Summary Judgment on Department of Medicaid's Crossclaim as a Matter of Law.

The Department of Medicaid's crossclaim seeks recovery for Plaintiff's medical expenses paid by the Department of Medicaid. The Ohio Revised Code provides for an automatic right of recovery by the Department of Medicaid "against the liability of a third party for the cost of medical assistance paid on behalf of the recipient." Ohio Rev. Code § 5160.37(A). Because Plaintiff's claim against Wal-Mart fails as a matter of law, the Department of Medicaid's crossclaim similarly fails. Wal-Mart is entitled to summary judgment on the Department of Medicaid's crossclaim as a matter of law.

### CONCLUSION

For the foregoing reasons, Wal-Mart's Amended Motion for Summary Judgment is **GRANTED**. Additionally, Wal-Mart's Motion for Summary Judgment is **DENIED as**

moot. Thus, Plaintiff's Complaint and Defendant Ohio Department of Medicaid's crossclaim are **DISMISSED with prejudice.** This case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND